FILED
CLERK
6/1/2017 3:54 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HUGUES-DENVER AKASSY, 11-A-5580,

                Plaintiff,

    -against-

GLEN F. HARDY, in his capacity as 18B
Court-Appointed Counsel,

                Defendant.
----------------------------------------------------------------X
HUGUES-DENVER AKASSY, 11-A-5580,

                Plaintiff,

    -against-

HOWARD D. SIMMONS, in his capacity as 18B
Court-Appointed Counsel,

                Defendant.
----------------------------------------------------------------X

**TRANSFER ORDER**
17-CV-00960(JMA)(SIL)

17-CV-01466(JMA)(SIL)

**AZRACK, District Judge:**

      On February 13, 2017, incarcerated pro se plaintiff Hugues-Denver Akassy ("plaintiff") filed an in forma pauperis complaint against his court-appointed trial attorney in an underlying state court criminal proceeding, Glen F. Hardy, Esq. ("Hardy"), alleging a variety of state common law claims and seeking to invoke this Court's diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 ("Akassy I").  On March 6, 2017, plaintiff filed another in forma pauperis complaint ("Akassy II") against his original court-appointed defense attorney in the same, underlying state court criminal proceeding, Howard D. Simmons, Esq. ("Simmons").  Because the complaint in Akassy I is related to and largely repetitive of the claims alleged in Akassy II, albeit against different defendants, the Court consolidates them under the first filed complaint, 17-00960(JMA)(AYS), and directs that the case assigned docket number 17-01466(JMA)(AYS)

be closed. For the reasons that follow, the Court TRANSFERS plaintiff's complaints to the United States District Court for the Southern District of New York.

Under the general venue provision:

> a civil action may be brought in - - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, the events giving rise to plaintiff's claims are alleged to have occurred during his underlying criminal prosecution in New York County. (See generally Compls.) New York County is within the Southern District of New York. See 28 U.S.C. § 112(b). Under 28 U.S.C. § 1391(b)(2), venue is therefore proper in the Southern District of New York.

In determining whether to transfer to another district where the action might have been brought, courts should consider: (1) the plaintiff's choice of forum, (2) the convenience of the witnesses and parties, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, and (6) the relative means of the parties. See New York Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010). Although a plaintiff's choice of forum generally should be disturbed only if the balance of factors weighs heavily in favor of transfer, that choice is accorded less deference where the operative facts did not occur there. See Iragorri v. United Technologies Corp., 274 F.3d 65, 72 (2d Cir. 2001).

In this case, there appears to be no connection whatsoever between this lawsuit and the Eastern District of New York other than the fact that defendant Hardy maintains an office in Garden City, New York. Instead, the events giving rise to plaintiff's claims have taken place in

New York County and defendant Simmons's office is located in New York County. In addition, plaintiff has a petition for habeas corpus pursuant to 28 U.S.C. § 2254 pending in the Southern District of New York (16-CV-7201) challenging the same conviction that gives rise to plaintiff's claims in the instant complaints. Thus, based on the totality of circumstances, it is in the interest of justice to transfer this action under § 1404(a) to the United States District Court for the Southern District of New York.

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of New York under § 1404(a). The Court makes no determination with regard to plaintiff's in forma pauperis applications and those motions are reserved for the transferee court. The Clerk of the Court is further directed to mail a copy of this Order to the plaintiff and to mark these cases closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                                       /s/ (JMA)
                                                                                   Joan M. Azrack
Dated:  June 1, 2017                                              United States District Judge
         Central Islip, New York

3